**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ALEXANDER B. HALL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CV-609-JHP-PJC** |
| | ) | |
| **ROBERT PATTON, Director,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate appearing pro se. Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 8). Petitioner did not file a response to the motion to dismiss. As discussed below, the petition is a "mixed petition" and is subject to being dismissed without prejudice. However, Petitioner will be afforded the opportunity to file an amended petition to delete the unexhausted claims and proceed with only the exhausted claims.

### *BACKGROUND*

On September 12, 2011, Petitioner was convicted on his negotiated plea of nolo contendere of Robbery with a Firearm, Assault and Battery With a Dangerous Weapon, and Assault With A Dangerous Weapon, all After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2010-316. On that date, the trial judge sentenced Petitioner to twelve (12) years imprisonment and a fine of $600 on each count, to be served concurrently with each other and with

---

[1]Petitioner is currently in custody at Davis Correctional Facility, a private prison in Holdenville, Oklahoma. Therefore, the proper party respondent is Robert Patton, Director of the Oklahoma Department of Corrections. The Clerk shall note on the record the substitution of Robert Patton, Director, as party respondent in place of Edward Evans, Interim Director.

a sentence imposed in Case No. CF-2010-287. When he entered his plea of nolo contendere, Petitioner was represented by attorney Nancy Coppola.

On September 22, 2011, Petitioner filed a timely motion to withdraw his plea. On October 13, 2011, a hearing was held on the motion to withdraw plea. Petitioner was represented at that hearing by attorney Stephen Lee. The motion to withdraw plea was denied on October 13, 2011, at the conclusion of the hearing.

Petitioner filed a timely certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Katrina Conrad-Legler, Petitioner raised the following three (3) propositions of error:

Proposition 1: Mr. Hall has been subjected to multiple punishments, which requires the dismissal of Count I or Count III.

Proposition 2: The trial court erred by accepting a plea of no contest in Count II, Assault and Battery With a Dangerous Weapon, because the evidence was insufficient to support this charge.

Proposition 3: Mr. Hall should be allowed to withdraw his pleas of guilty because the pleas were not knowingly and intelligently entered into by Petitioner; instead, they were made with inadvertence and by mistake.

(Dkt. # 8-1). The OCCA filed an unpublished summary opinion on September 6, 2012, in Case No. C-2011-945, denying the petition for writ of certiorari and reversing Count III with instructions to dismiss. (Dkt. # 8-3). Petitioner did not file a petition for writ of certiorari at the United States Supreme Court nor did he seek post-conviction relief in the Oklahoma state courts.

Petitioner filed his federal petition for writ of habeas corpus on September 12, 2013. (Dkt. # 1). Petitioner asserts four propositions of error, as follows:

Ground 1: My plea was entered into involuntarily.

I really didn't want to plea that's why I withdraw my plea because I didn't want to plea to something I didn't do.

Ground 2: I entered my plea only because my family and defense attorney advised me too [sic].
My attorney was not going to give 100% at trial, and my mother and brother told me that to sign because she wasn't going to fight 100% for me and if I lost I would get a lot more time than 12 yrs.

Ground 3: I was innocent of charges.
I did not committ [sic] no [sic] crime. I didn't know that my co-defendant was going to rob them. I was only present during the crime and left when it happen [sic].

Ground 4: I wanted to represent myself at the withdrawal or be appointed another attorney.
I wanted to be able to say more than I did and be able to have my other lawyer there to cross-examine her and let her tell the judge that she wasn't going to fight for me because I didn't fully pay her the sum of money she wanted. And I wanted another attorney then [sic] the ones I had. I felt like they wasn't [sic] going to fight for my innocents [sic] like I would.

(Dkt. # 1). In the brief in support of the motion to dismiss, Respondent asserts that Ground 1 was presented to the OCCA in Petitioner's certiorari appeal, Grounds 2 and 3 were "arguably" considered by the OCCA in finding that Petitioner's pleas were knowingly and voluntarily entered, and that Ground 4 has never been presented to the OCCA. See Dkt. # 8 at 2.

## *ANALYSIS*

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b). The exhaustion requirement is based on the doctrine of comity. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct

alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam)); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

The burden of proving exhaustion rests with the prisoner. See Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993). An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on the petitioner's claims. Coleman, 501 U.S. at 731-32. If an applicant has failed to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted); accord Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997); see also Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their

unavailability . . . [I]f the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

Respondent argues that Petitioner has never presented his Ground 4 claims to the OCCA and that he has an available remedy as provided by the state post-conviction procedures. See Dkt. # 8 at 3. After reviewing the petition and the state court record, the Court agrees with Respondent that Petitioner has not presented all claims to the Oklahoma state courts. Specifically, Petitioner's claims raised in Ground 4 of his habeas petition are unexhausted. Grounds 1, 2, and 3 of the habeas petition are exhausted. As for the unexhausted claims cited above, Petitioner has an available remedy, an application for post-conviction relief. Therefore, this petition is a "mixed petition," containing both exhausted claims and unexhausted claims, and is subject to being dismissed without prejudice. Lundy, 455 U.S. at 522 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

The enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a 1-year statute of limitations on the filing of federal petitions. Rhines v. Weber, 544 U.S. 269, 274 (2005). "As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275. Petitioner filed his petition for writ of habeas corpus prior to expiration of the 1-year limitations period. However, because the pendency of this federal action does not serve to toll the limitations period, see Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that the statute of limitations is not tolled during

the pendency of a federal petition), if the Court were to dismiss this petition, Petitioner may be precluded from returning to federal court after exhausting his claims by the § 2244(d) limitations period.[2]

The Court has discretion to issue a stay in this matter while Petitioner returns to state court to exhaust his claims raised in Ground 4. Rhines, 544 U.S. at 276. However, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Petitioner offers no explanation for his failure to exhaust all of his claims before filing his petition. See Dkt. # 1. Furthermore, nothing in the record suggests that Petitioner can demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his petition. For that reason, the Court declines to stay this action.

Although a "stay and abeyance" is not warranted in this case, the Court will afford Petitioner the opportunity to file an amended petition to delete the unexhausted claims and to proceed with only exhausted claims. See Rhines, 544 U.S. at 278. Therefore, if Petitioner wishes to proceed at this time with only his exhausted claims, i.e., those claims raised in Grounds 1, 2, and 3 of the petition,

---

[2]Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on December 5, 2012, or 90 days after the OCCA denied his certiorari appeal on September 6, 2012, when the period for seeking certiorari review in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's one year limitations period began to run on December 6, 2012, and his deadline for filing a timely petition for writ of habeas corpus was December 6, 2013. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The petition in this case was filed September 12, 2013, or before the deadline. However, the deadline has now passed. As a result, if this Court were to dismiss this petition, any effort by Petitioner to return to federal court after exhausting state remedies may be time-barred since the one-year limitations period appears to have expired during the pendency of this action.

he may, within twenty-one (21) days of the entry of this Order, file an amended petition raising only his exhausted claims and deleting his unexhausted claims. To be clear, Petitioner's claims raised in Ground 4 of the petition are unexhausted. If Petitioner fails to file an amended petition within twenty-one (21) days of the entry of this order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk shall note the substitution of Robert Patton, Director, as party respondent in place of Edward Evans, Interim Director.
2. Petitioner's petition is a "mixed petition" and is subject to dismissal in its current form.
3. Within twenty-one (21) days of the entry of this Order, or on or before **July 8, 2014**, Petitioner may file an amended petition containing only exhausted claims and deleting the unexhausted claims, as identified herein. If Petitioner files an amended petition deleting his unexhausted claims, Respondent's motion to dismiss will be declared moot.
4. Should Petitioner fail to file an amended petition by the deadline specified above, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies.
5. The Clerk is directed to send Petitioner a blank petition for writ of habeas corpus (form AO-241), marked "Amended" and identified as Case No. 13-CV-609-JHP-PJC.

**DATED** this 17th day of June, 2014.

James H. Payne
United States District Judge
Northern District of Oklahoma