**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALEXANDER B. HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13-CV-0609-JHP-PJC |
| | ) |
| JOE M. ALLBAUGH, Director,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the amended petition for writ of habeas corpus (Dkt. # 11), filed by Petitioner Alexander B. Hall, a state prisoner appearing pro se. Respondent filed a response (Dkt. # 13) and provided the state court records (Dkt. ## 13, 14) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply to the response. For the reasons discussed below, the Court denies the amended petition for writ of habeas corpus.

As a preliminary matter, the Court notes that the amended petition (Dkt. # 11), filed to delete an unexhausted claim, replaces and supersedes the original petition. Therefore, the original petition (Dkt. # 1) is declared moot.

### *BACKGROUND*

On January 26, 2010, Petitioner was charged in Tulsa County District Court, Case No. CF-2010-316, with Robbery with a Firearm (Count 1), Assault and Battery with a Dangerous Weapon

---

[1] Petitioner is in custody at the Davis Correctional Facility, a private prison in Holdenville, Oklahoma. Pursuant to Rule 2(a), Rules Governing Section 2254 Cases, the proper party respondent in this matter is Joe M. Allbaugh, Director. Therefore, Joe M. Allbaugh is substituted in place of Robert Patton, Director, as party respondent. The Clerk of Court shall note the substitution on the record.

(Count 2), and Assault with a Dangerous Weapon (Count 3), each After Former Conviction of Two or More Felonies. See Dkt. # 13-1 at 1-2; Dkt. # 13-3 at 1. On September 12, 2011, pursuant to a plea agreement, Petitioner entered pleas of no contest to all three counts. Dkt. # 13-3 at 1. The district court judge sentenced Petitioner to twelve (12) years imprisonment and a fine on each of the three counts. Id. The judge ordered the sentences to run concurrently with each other and with the sentences in Case No. CF-2010-287,[2] with credit for time served. Id. Attorney Nancy Coppola represented Petitioner at the change of plea hearing. Dkt. # 13-1 at 2.

On September 22, 2011, Petitioner filed a timely motion to withdraw his pleas of no contest (Dkt. # 14-3, O.R. at 146-47). In his motion, Petitioner alleged that his pleas "[were] entered involuntarily." Id. at 146. Petitioner averred that "he entered the plea only because his family and counsel advised him to take the plea agreement with the state" and that "he is innocent of the charges." Id. Attorneys Stephen Lee and Mark Cagle represented Petitioner at the hearing on the motion to withdraw pleas. Dkt. # 13-1 at 3. At the hearing, Petitioner testified that he "just scann[ed]" the plea paperwork and his attorney had "went through [the paperwork], but not every question." Dkt. # 14-2 at 5. Petitioner testified that he entered a pleas of no contest "[b]ecause at the time I just felt like I was in a no-win situation with my lawyer because she wasn't going to fight it," id. at 6, and that he thought he had "10 days to think about it" after entering his pleas. Id. at 7. Petitioner also testified that he was innocent of the crimes to which he pled no contest. Id. at 8-9.

---

[2] On September 12, 2011, Petitioner entered pleas of guilty, in Case No. CF-2010-287, to Unlawful Possession of Controlled Drug with Intent to Distribute (Count 1), Unlawful Possession of Controlled Drug (Count 2), and Possession of a Firearm, After Former Conviction of a Felony (Count 3), and received sentences of twenty-five (25) years imprisonment (Count 1), one (1) year in the county jail (Count 2), and ten (10) years imprisonment (Count 3), with the sentences to run concurrently with each other and with the sentences entered in CF-2010-316. See Dkt. # 14-1 at 22-23.

At the conclusion of the hearing, the district court judge denied Petitioner's motion to withdraw his pleas of no contest. Id. at 11.

Represented by attorney Katrina Conrad-Legler, Petitioner filed a petition for writ of certiorari in the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 13-1. He raised the following propositions of error:

| | |
|---|---|
| Proposition 1: | Mr. Hall has been subjected to multiple punishments, which requires the dismissal of Count I or Count III. |
| Proposition 2: | The trial court erred by accepting a plea of no contest in Count II, Assault and Battery with a Dangerous Weapon, because the evidence was insufficient to support this charge. |
| Proposition 3: | Mr. Hall should be allowed to withdraw his pleas of guilty because the pleas were not knowingly and intelligently entered into by Petitioner; instead, they were made with inadvertence and by mistake. |

Id. In an unpublished Summary Opinion, filed September 6, 2012, in Case No. C-2011-945, the OCCA denied the petition, affirmed the Judgments and Sentences in Counts 1 and 2, and reversed Count 3 with instructions to dismiss. See Dkt. # 13-3.

On July 9, 2014, Petitioner filed an amended petition for writ of habeas corpus. Dkt. # 11. In the amended petition, Petitioner raised three grounds of error, as follows:

| | |
|---|---|
| Ground 1: | My plea was entered into involuntarily. |
| Ground 2: | I entered my plea only because my family and defense attorney counseled me too [sic]. My attorney was not going to give her all, I would get more time if I lost. |
| Ground 3: | I was innocent of charges. I did not commit no crime. I didn't know that my codefendant was going to rob them. I was there and left when it was happening. |

3

Id. In response to the amended petition, Respondent argues that Petitioner is not entitled to habeas corpus relief. See Dkt. # 13.

## *ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of Grounds 1, 2, and 3 to the OCCA in his petition for writ of certiorari. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In his amended petition for writ of habeas corpus, Petitioner does not request an evidentiary hearing, and, under the facts of the case, he would not be entitled to one. See Williams v. Taylor, 529 U.S. 420 (2000) (explaining considerations for evidentiary hearings in habeas corpus cases).

**B.     Claims Adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard federal courts are to apply when reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes

only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citation omitted). The petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. (citation and internal quotation marks omitted); see Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

Generally, a federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state court determinations on state law questions). When conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68 (citations omitted).

In Grounds 1-3, Petitioner contends that his pleas of no contest were not entered knowingly and voluntarily. See Dkt. # 11. Specifically, Petitioner alleges that, at the time he entered his pleas, (1) his "understanding was I had ten days to withdraw my plea" without a hearing, and (2) he had been pressured by his family and defense attorney to enter the pleas and he lacked confidence in his attorney. Id. at 5, 7. Petitioner also claims that he is innocent of the crimes with which he was charged. Id. at 8. On certiorari appeal, the OCCA determined that "based upon the answers Hall

5

gave at the plea hearing and in his Plea of Guilty Summary of Facts form, the district court found that Hall's nolo contendere plea was knowingly and voluntarily entered. We find that the district court did not abuse its discretion in so ruling." Dkt. # 13-3 at 3 (citation omitted).

To the extent that Petitioner alleges a violation of the federal constitution, Petitioner must show that his pleas were not entered into "knowingly and voluntarily." Boykin v. Alabama, 395 U.S. 238 (1969). "To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence." United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002) (citations and internal quotation marks omitted). A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991). Further, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the plea; rather the issue is simply whether the record affirmatively shows that the plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002) (citation omitted). The "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

On certiorari appeal, the OCCA found that Petitioner failed to demonstrate that his pleas of no contest were unknowing or involuntary. Dkt. # 13-3 at 3. In doing so, the OCCA relied on facts which are presumed correct under 28 U.S.C. § 2254(e)(1). Here, the record supports the OCCA's

6

finding that Petitioner's pleas were knowing and voluntary, and Petitioner has not shown, by clear and convincing evidence, that the OCCA's underlying factual findings were incorrect. See 28 U.S.C. § 2254(e)(1).

At his change of plea hearing, Petitioner affirmed that he read and understood the Plea of Guilty Summary of Facts form. Dkt. # 14-1, Tr. Guilty Plea Hr'g at 16. Petitioner also affirmed that he was "satisfied with the representation [his attorney] provided to [that] point." Id. at 6. The only evidence Petitioner presents in his amended petition for writ of habeas corpus to rebut his statement that he was satisfied with his attorney's representation is a bald assertion that his statement "was only due to [his] emotional instability." Dkt. # 11 at 7. Petitioner affirmed he understood that, if he went to trial, the range of punishment for each of the three charged crimes was 20 years to life, Dkt. # 14-1, Tr. Guilty Plea Hr'g at 16-17, and that he had not been forced or coerced in any way to plead no contest to the charges. Id. at 20. Even though Petitioner asserts in his amended petition that he is innocent of the "charges," Petitioner responded "[c]ould, yeah, yeah, yes," when the trial court inquired "[i]f the witnesses were called and, in fact, testified" as they had at the preliminary hearing, did Petitioner "agree . . . that a Jury could find [him] guilty beyond a reasonable doubt?" Id. Additionally, in contrast to Petitioner's assertion in his amended petition that, at the time he entered his pleas, he believed he could automatically withdraw his pleas within ten days without a hearing, the Plea of Guilty Summary of Facts form stated that after submitting an "Application to Withdraw your Plea of [No Contest] within (10) days . . . . [t]he trial court must hold a hearing and rule upon your application within thirty (30) days." Dkt. # 14-3, O.R. at 142. Petitioner signed the form and affirmed that he did "understand each of these rights to appeal." Id.

7

Based on the evidence presented in the record, Petitioner has not rebutted the factual findings underlying the OCCA's conclusion that Petitioner did not enter his pleas of no contest unknowingly or involuntarily. Therefore, the Court cannot find that the OCCA's adjudication of Petitioner's claims were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Habeas corpus relief is denied on Grounds 1-3.

**C.     Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted).

After considering the record in this case, the Court concludes a certificate of appealability should not issue. Nothing suggests that this Court's application of AEDPA standards to the OCCA's decision is debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record, the Court concludes that Petitioner has not established he is in custody in violation of the Constitution or laws of the United States. Therefore, the amended petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk shall note on the record the substitution of Joe M. Allbaugh, Director, in place of Robert Patton, Director, as party respondent.

2. The original petition for a writ of habeas corpus (Dkt. # 1) is **declared moot**.

3. The amended petition for a writ of habeas corpus (Dkt. # 11) is **denied**.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

**DATED** this 2nd day of August, 2016.

James H. Payne
United States District Judge
Northern District of Oklahoma